IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LHF PRODUCTIONS, INC., )
               Plaintiff, )
      v. )    1:16cv1050
DOES 1-10, )
               Defendants. )

## **ORDER**

This cause came before the Court upon Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (the "Motion"). The Court, having reviewed the Motion and the Memorandum of Law in Support of the Motion, does hereby:

FIND, ORDER, ADJUDGE, and DECREE:

1. Plaintiff has established good cause for the issuance of subpoena(s) to the Internet Service Provider(s) (the "ISPs") identified in <u>Exhibit B</u> of the Complaint.

2. Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, permanent address, current address, telephone number, email address, and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an Internet Protocol ("IP") address as set forth in <u>Exhibit B</u> to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above

on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants.

  4. Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
>  (A) who provides cable services over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>  (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such cable system.

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is noticed of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

  5. The subpoenaed ISPs shall confer, if necessary, with Plaintiff with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses which are not controlled by such entity, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the ISP's internal costs to notify its customers.

  6. The subpoenaed ISPs that receive a subpoena and elect to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity.

2

Case 1:16-cv-01050-LCB-LPA   Document 8   Filed 09/02/16   Page 2 of 3

7. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP.

8. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

SO ORDERED.

This, the 2nd day of September, 2016.

                                              /s/ L. Patrick Auld  
                                                **L. Patrick Auld**  
                                        **United States Magistrate Judge**